UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
DEC 05 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 22-CR-82-DCR

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                          PLEA AGREEMENT

DANNY RAY BIXLER                                             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. At sentencing the United States will dismiss Count 1 of the Indictment. The Defendant also agrees to forfeiture of the property listed in the Forfeiture Allegation.

2. The essential elements of the Count 2 of the Indictment are:

   (a) That the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

   (b) That the Defendant, following the conviction, knowingly possessed a firearm; and

   (b) That the firearm crossed a state line prior to the alleged possession

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these offense and relevant conduct facts:

(a) On May 29, 2021, a traffic stop was conducted on a vehicle driven by Danny Bixler. While talking with Bixler, officers observed a small bag of marijuana in Bixler's lap. Officers searched the vehicle and located 2 Smith & Wesson pistols, one in the floorboard and one between the seat and the console. Both firearms were loaded and chambered.

(b) On August 6, 2021, officers once again observed Bixler and knew that he had an outstanding warrant for his arrest. A traffic stop was conducted and while arresting Bixler officers noticed a pistol with an extended magazine in the vehicle. Bixler admits he constructively possessed the firearm.

(c) ATF identified the firearms as (1) Smith & Wesson, pistol, Model M&P Bodyguard, caliber .380 auto, bearing serial number KDZ690; (2) Smith & Wesson, pistol, Model M&P Bodyguard, caliber .380 auto, bearing serial number KFS2827; and (3) Sig Sauer pistol, Model P320, bearing serial number 58C100800Tanfoglio, revolver, Model TA76, caliber .22, bearing serial number A92265. ATF also determined that each firearm was manufactured outside the Commonwealth of Kentucky and therefore, traveled through interstate commerce prior to Bixler's possession.

(d) Bixler has a prior conviction for Robbery Second Degree, a crime punishable by imprisonment of more than 1 year, from the Fayette Circuit Court, Case number 12CR1368, on February 20, 2013.

4. The statutory punishment for the Count 2 of the Indictment is imprisonment of not more than 10 years, a fine of not more than $250,000, and a term of supervised release not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

(c) Pursuant to USSG § 2K2.1(1)(a)(3), the base offense level is 22 because the Defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence and the firearm was capable of accepting a large capacity magazine.

(d) Pursuant to USSG § 2K2.1(b)(1)(A), the offense level is increased by 2-levels because the offense involved 3 firearms.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.  The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.  The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. The Defendant agrees to waive any timing provisions of Rule 32.2 pertaining the to the entry of forfeiture orders.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies,

property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immedia4ely and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 12/5/22      By: _____
                   Cynthia T. Rieker
                   Assistant United States Attorney

Date: 12/5/22      _____
                   Danny Ray Bixler
                   Defendant

Date: 12/5/22      _____
                   Rachel Yavelak
                   Attorney for Defendant

6